929 So.2d 1125 (2006)
William Scott BARTLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2232.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Rehearing Denied June 19, 2006.
Phillip Menditto and Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Appellant, William Bartlett, was convicted of felony cruelty to animals, in violation *1126 of section 828.12(2), Florida Statutes (2004). On the evening after Hurricane Frances, appellant encountered an opossum in his garage. He shot the animal with his BB gun and chased it away. Later, when the animal was away from his home, appellant shot it numerous times with a BB gun. A deputy sheriff who arrived at the scene observed "countless amounts of pellets or BB's" in the opossum. An animal control officer testified that when he saw the opossum it was severely injured and appeared to be suffering extremely, so that it was necessary to euthanize the animal.
Section 828.12(2) provides that:
[a] person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done is guilty of a felony of the third degree. . . .
The evidence supports appellant's conviction under this section. Section 828.12(2) criminalizes any "act" which results in the cruel death. The statute does not require an intent to cause the cruel death of an animal, but only an intent to commit the act that results in the cruel death.
We also write to observe that as section 828.12 is written, there is a potential tension between conduct criminalized by the statute and the lawful pursuit of hunting. Section 828.12 applies to even the unintended consequence of a lawful act. Thus, a hunter's shot that only wounds an animal might lead the animal to suffer a "cruel death" some time and distance from the initial shot. Under these circumstances, the hunter has violated section 828.12(2) by intentionally firing the shot that set the sad events in motion.
Hunting has been part of life in Florida since before the adoption of the common law of England. See § 2.01, Fla. Stat. (2005). Under the common law, the title to wild animals or game was
in the sovereign, for the use and benefit of the people; the killing or taking and use of the game being subject to governmental control and regulation for the general good. The power to control and regulate the killing and use of game was vested in the colonial governments of America and passed with the title to game in its natural condition to the several states, as they became sovereigns, for the use and benefit of all the people of the states, respectively, subject to any provision of the federal Constitution that may be applicable to such control and regulation.
Harper v. Galloway, 58 Fla. 255, 51 So. 226, 228 (1910).
An opossum is a "fur-bearing animal" within the meaning of section 372.001(10), Florida Statutes (2005). A licensed hunter may "take" a fur-bearing animal under the appropriate circumstances. See § 372.57(1), Florida Statutes (2005).
As section 828.12(2) is written, there is a blurred line between the lawful hunting of an animal and the commission of a criminal act. This fuzziness could be corrected by amending the criminal statute to require that the actor intend to cause the results that the statute seeks to avoida cruel death or unnecessary pain or suffering.
WARNER and HAZOURI, JJ., concur.